UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MULQUIN,<br><br>Plaintiff,<br><br>v.<br><br>NEKTAR THERAPEUTICS, et al.,<br><br>Defendants. | Case No. 18-cv-06607-HSG<br><br>**ORDER DENYING RONNEBAUM'S MOTION AND GRANTING OKLAHOMA FIREFIGHTERS AND EL PASO'S MOTION RE: APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>Re: Dkt. Nos. 13, 14 |

On October 30, 2018, Plaintiff John Mulquin filed this securities class action lawsuit individually and on behalf of others who acquired common stock of Nektar Therapeutics ("Nektar") during the period between November 11, 2017 and October 2, 2018 ("Class Period") and consequently suffered damages. Dkt. No. 1 ("Compl."). The complaint asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) & 78t, and Rule 10b-5, 17 C.F.R. § 240.10b-5. Compl. ¶¶ 49–64. The complaint names the following Defendants: Nektar; Nektar's Chief Executive Officer and Director, Howard W. Robin; and Nektar's Chief Financial Officer, Gil M. Labrucherie. *Id.* ¶¶ 12–17.

Three competing motions for appointment as lead plaintiff and approval of lead counsel were filed: (1) a motion filed by Lynn Ronnebaum, seeking appointment as lead plaintiff and approval of Levi & Korsinsky, LLP as lead counsel, Dkt. No. 13; (2) a motion filed by Oklahoma Firefighters Pension and Retirement System and El Paso Firemen & Policemen's Pension Fund (collectively, "Oklahoma Firefighters and El Paso") seeking appointment as lead plaintiff and approval of Labaton Sucharow LLP ("Labaton Sucharow") as lead counsel and Wagstaffe, Von Loewenfeldt, Busch & Radwick, LLP ("WVBR LLP") as liaison counsel, Dkt. No. 14 ("OFEP Mot."); and (3) a motion filed by Gurpreet Narula, seeking appointment as lead plaintiff and

approval of Pomerantz LLP as lead counsel, Dkt. No. 22. Subsequently, Narula withdrew his motion, Dkt. No. 33, and Ronnebaum filed a notice of non-opposition to Oklahoma Firefighters and El Paso's motion, Dkt. No. 36 (recognizing that "movants Oklahoma Firefighters Pension and Retirement System and El Paso Firemen & Policemen's Pension Fund collectively possess the 'largest financial interest in the relief sought by the class' as required by the PSLRA"). On January 22, 2019, Oklahoma Firefighters and El Paso filed a reply to their motion, representing that they are an unopposed and presumptive lead plaintiff. Dkt. No. 37. Having carefully considered the relevant filings and authorities, the Court **DENIES** Ronnebaum's motion and **GRANTS** Oklahoma Firefighters and El Paso's motion.[1]

## I. BACKGROUND

As alleged in the complaint, Defendant Nektar is a "research-based biopharmaceutical company that discovers and develops innovative medicines in areas of high unmet medical need." Compl. ¶ 2. Defendants allegedly made materially false or misleading statements and/or omissions concerning the efficacy, results, and other facts related to a clinical-stage drug called NKTR-214, and when the purported truth about the drug was revealed, Nektar's stock price fell and the putative class members—who acquired Nektar's common stock at inflated prices during the Class Period—suffered financial losses. *See, e.g.*, *id.* ¶¶ 4–7, 23–39. Specifically, an October 1, 2018 report published by Plainview LLC entitled "NKTR-214: Pegging the Value at Zero" purportedly undermined Nektar's prior touting of its drug as "a promising treatment for cancer, particularly in combination with checkpoint inhibitors." *Id.* ¶ 5. Following the report's publication, "Nektar's stock price fell $5.63 per share, or 9.24%, over the following two trading sessions, closing at $55.33 per share on October 2, 2018." *Id.* at 6.

## II. APPOINTMENT OF LEAD PLAINTIFF

The Private Securities Litigation Reform Act ("PSLRA") "instructs district courts to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)).

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

2

"The 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Id.* The Ninth Circuit interprets the PSLRA as establishing "a simple three-step process for identifying the lead plaintiff pursuant to these criteria." *Id.*

### A. Step One

Step One consists of meeting the PSLRA's notice requirement. *Id.* "The first plaintiff to file an action covered by the [PSLRA] must post this notice 'in a widely circulated national business-oriented publication or wire service.'" *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)). The notice must be published within 20 days of the complaint's filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must also alert putative class members "(I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.*

Here, notice was published in *Globe Newswire* on the same day that the complaint was filed. *Compare* Compl., *with* Dkt. No. 15 ("Wagstaffe Decl.") Ex. D. This clearly complied with the PSLRA's 20-day filing deadline. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Further, *Globe Newswire* is "a widely circulated, national, business-oriented news reporting service." OFEP Mot. at 7. Thus, as required, the notice was posted "in a widely circulated national business-oriented publication or wire service." *See Cavanaugh*, 306 F.3d at 729 (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)). Finally, the notice announced the filing of this class action, described the asserted claims, specified the putative class period, and explained that any motion to be appointed lead plaintiff had to be filed by December 31, 2018. *See* Wagstaffe Decl. Ex. D.

For these reasons, the Court finds that Step One's requirements are met.

### B. Step Two

Step Two consists of identifying the presumptive lead plaintiff. *See Cavanaugh*, 306 F.3d at 729–30. There is a rebuttable presumption that the "most adequate plaintiff" is the one who "(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); (bb) in the determination of the court, has the largest financial interest in the relief sought

3

by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Thus, once the filing requirement of subsection (a)(3)(B)(iii)(I)(aa) is met, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. The district court "must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* If so, then that party is the presumptive lead plaintiff. *Id.*

Here, Oklahoma Firefighters and El Paso timely filed their motion to be appointed lead plaintiff on December 31, 2018, satisfying subsection (a)(3)(B)(iii)(I)(aa). Moreover, they suffered alleged losses totaling $744,689.80 as a result of their transactions in Nektar securities during the Class Period. *See* OFEP Mot. at 2. This alleged loss is greater than the $534,334.29 loss alleged by Ronnebaum, *see* Dkt. No. 13 at 2, who now recognizes that he lacks the largest financial interest in the relief sought by the class, *see* Dkt. No. 33. And this sum is greater than the $269,504 loss alleged by Narula, *see* Dkt. No. 22 at 1, who also recognizes that he lacks the largest financial interest in the relief sought by the class, *see* Dkt. No. 36. Since Oklahoma Firefighters and El Paso's motion is unopposed and no other class members besides Ronnebaum and Narula filed motions, no one claims to have suffered greater losses than Oklahoma Firefighters and El Paso. Therefore, Oklahoma Firefighters and El Paso have "the most to gain from the lawsuit." *See Cavanaugh*, 306 F.3d at 730.

Next, the Court turns to the "typicality" and "adequacy" requirements of Rule 23(a). The Court finds that "typicality" is satisfied because the claims and defenses of Oklahoma Firefighters and El Paso "are typical of the claims and defenses of the class." *See* Fed. R. Civ. P. 23(a)(3). Like other putative class members, Oklahoma Firefighters and El Paso alleges that during the Class Period, they acquired Nektar's common stock at prices that were inflated by Defendants' material misrepresentations and/or omissions, and that they consequently suffered damages. *See* Compl. ¶¶ 4–7, 23–39; Wagstaffe Decl. Ex. A (declaring under penalty of perjury that Oklahoma Firefighters and El Paso adopt the allegations of the complaint).

4

In addition, Oklahoma Firefighters and El Paso's motion represents that "[n]o antagonism exists between Oklahoma Firefighters and El Paso's interests and those of the absent Class members." OFEP Mot. at 9. And given that the motion is now unopposed, the court has no reason to doubt this representation. *Cf. Ziolkowski v. Netflix, Inc.*, No. 17-cv-01070-HSG, 2017 WL 2572583, at *3 (N.D. Cal. June 14, 2017) (finding the typicality requirement satisfied where an unopposed movant represented that there was "no evidence of antagonism between his interests and those of the proposed class"). The Court also finds that "adequacy" is satisfied because Oklahoma Firefighters and El Paso "will fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4). Like the lead plaintiff appointed in *Ziolkowski*, Oklahoma Firefighters and El Paso's "substantial financial stake in the outcome of this litigation, [their] timely filing of [their] motion, and the quality of [their] briefing all demonstrate that [they are] both motivated to, and capable of, vigorously pursuing this litigation." *See* 2017 WL 2572583, at *3 (quoting *Bodri v. GoPro, Inc.*, Case No. 16-cv-00232-JST, 2016 WL 1718217 (N.D. Cal. Apr. 28, 2016)).

Consequently, the Court finds that Step Two's requirements are met.

### C. Step Three

Step Three consists of "giv[ing] other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. Oklahoma Firefighters and El Paso's motion is now unopposed. Since their presumptive lead plaintiff status is not rebutted, Step Three's requirements are met, and Oklahoma Firefighters and El Paso's appointment as lead plaintiff is appropriate.

## III. APPOINTMENT OF LEAD COUNSEL

Oklahoma Firefighters and El Paso have moved for approval of their selection of Labaton Sucharow as lead counsel and WVBR LLP as liaison counsel. OFEP Mot. at 11–12; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). The Court defers to Oklahoma Firefighters and El Paso's choice of lead counsel because their choice is not "so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on [their]

willingness or ability to perform the functions of lead plaintiff." *See Cavanaugh*, 306 F.3d at 733; *see also id.* at 739 n.11 (noting that "Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class"). And Labaton Sucharow has extensive experience as counsel in securities class actions. *See* Wagstaffe Decl. Ex. E (firm resume). Approval of Oklahoma Firefighters and El Paso's selection of counsel is therefore merited. Nonetheless, Labaton Sucharow and WVBR LLP should divide up responsibilities in a way that promotes the efficient representation of the putative class. *See Ziolkowski*, 2017 WL 2572583, at *3.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Ronnebaum's motion and **GRANTS** Oklahoma Firefighters and El Paso's motion. Oklahoma Firefighters and El Paso are appointed as lead plaintiff for the putative class. Labaton Sucharow is approved as lead counsel for the putative class and WVBR LLP is approved as liaison counsel.

As previously stipulated, within fourteen days of this order the parties shall meet and confer and submit a proposed schedule for the filing of a consolidated or amended complaint and the filing of Defendants' response thereto. *See* Dkt. No. 29.

**IT IS SO ORDERED.**

Dated: 3/13/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge